**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BARBARA URBAS,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**B. FILIPCZAK, M.D., A PALMERI, M.D., R. PETYN, M.D., JOHN VASILLE, M.D., IRENA SAWICKI, G SZYMCZAK, A. KAMINSKI, T. LYNCH, M LYNCH, P SULLIVAN, JUDGE E AUSTIN,**<br><br>    **Defendants.** | Civ. No. 17-13039 (KM)<br><br>(JBC) **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

In this action, *pro se* plaintiff Barbara Urbas has sued several individuals for various wrongs. Defendant George Szymczak, a lawyer whom she accuses of harassing her and refusing to return her client file, now moves for summary judgment. (DE 37). For the following reasons, Mr. Szymczak's motion is **GRANTED**.

## I. BACKGROUND

On December 13, 2017 Barbara Urbas filed this lawsuit, which alleged the numerous individuals wronged her in a variety of ways.[1] The allegations are vague, but, construed in the most liberal fashion, the complaint seems to

---

[1] The docket of this Court reveals two prior actions with Ms. Urbas as plaintiff.

In 1993, Ms. Urbas sued some 45 defendants, including at least three of the defendants here (Filipczak, Petyn, and Vasile). *Urbas v. Filipczak*, Civ. No. 93-03986. The complaint was dismissed as frivolous, and the dismissal was affirmed on appeal.

Also in 1993, Ms. Urbas sued five defendants, including one of the defendants here, Dr. Petyn. *Urbas v. Electro-Scan*, Civ. No. 93-2951. (The complaint refers to a prior state court action.) That action, too, was dismissed as frivolous, and an appeal was dismissed as untimely.

assert claims of denial of workers' compensation benefits and professional malpractice. Urbas alleges that

> My left foot was injured on 3/30/81 and reinjured on 9/22/81 at work . . . . I was injured many times. I went to the doctors for treatment. I was injured under medical treatment and developed pathology in my body many places.[2]

(DE 1 at 3). As to Szymczak, the complaint alleges only "Lawyer G. Szymczak — harassment return the file from another Lawyer." (DE 1 at 3). The remainder of the complaint contains similarly vague and conclusory allegations. (DE 1).

In January 2018, Urbas provided the Clerk's Office and the U.S. Marshals Service copies of USMS Form 285, directing them to serve defendants with process. (DE 5). Using the information on the forms, the Marshals were unable to effect service upon defendants Austin, Filipczak, Kaminski, T Lynch, M Lynch, Palmeri, and Petyn (DE 7); Filipczak, Palmeri, Petyn, and Vasille (DE 8); and Sawicki (DE 9).[3] No amended or corrected Forms 285 were filed.

Mr. Szymczak, however, was successfully served on March 22, 2018. (DE 10). In his answer, he states that he never represented Urbas or possessed her files. (DE 11 at 1). He states elsewhere that he does not recall ever meeting her. (DE 37-1 at 1).

On June 12, 2018, Urbas filed a further "exhibit." (DE 18). It is a handwritten submission which lists a large number of persons with telephone

---

[2] On the civil cover sheet, Urbas characterizes the nature of the suit as: Insurance; Foreclosure; Assault, Libel & Slander; Federal Employers' Liability; Motor Vehicle; Motor Vehicle Product Liability; Other Personal Injury; Personal Injury—Medical Malpractice; Personal Injury—Product Liability; Health Care/Pharmaceutical Personal Injury Liability; Other Fraud; Property Damage Product Liability; Bankruptcy Appeal; Drug Related Seizure of Property; Other Forfeiture; Family and Medical Leave Act; Other Labor Litigation; Employee Retirement Income Security Act; and Constitutionality of State Statutes. (DE 1-4).

[3] Ms. Urbas also directed the Marshals to serve non-parties Saddle Brook Convalescent Home, Prudential Insurance Company, (DE 14); Nyron Manufacturing Corporation, Electro-Scan Inc., (DE 15); Power Technology Company, (DE 16); Amica Insurance, (DE 21); and Better Care Inc., (DE 22). All of these summonses were returned unexecuted, apart from the one directed at Power Technology Company. (DE 16).

numbers and addresses. It refers generally to injuries having been received in 1981 and 2002; it refers to a workers' compensation proceeding in , and 2009. That exhibit does not contain the name of Mr. Szymczak, however, whether under the list of "Lawyers" or anywhere else.

Mr. Szymczak first moved for summary judgment on October 19, 2018. (DE 24). That motion was terminated as untimely because discovery had not yet ended. (DE 25). By January 2019, Urbas had ceased participating in the prosecution of her case. The Hon. James B. Clark, U.S. Magistrate Judge, issued an order to show cause why her case should not be dismissed. (DE 30). Urbas apparently appeared at the show-cause hearing on February 21, 2019, at which Judge Clark scheduled further discovery and an April 22, 2019 telephone status conference, to be set up by Szymczak. (DE 32) On April 22, 2019, Szymczak reported that the plaintiff's telephone number was not in service and that a certified letter had been returned unclaimed. He requested leave to file a motion for summary judgment:

> [T]he Plaintiff has not answered any discovery requests [and] the phone number she provided is not in service. My certified letter to her following the Order to Show Cause was returned unclaimed.

(DE 34). On June 17, 2019, Judge Clark granted Szymczak leave to file a dispositive motion. (DE 36).

On June 26, 2019, Szymczak filed this motion for summary judgment. (DE 37). Szymczak notes the following:

> [] I have never represented Plaintiff Barbara Serowik Urbas.
>
> [] In her complaint, she states that the cause of action against me is: "harassment returning file from another lawyer".
>
> [] I have never handled a file, received a file, nor consulted another attorney. It is possible Ms. Urbas consulted me and I declined her case. I have no specific recollection of ever meeting or discussing a ·legal matter with her.
>
> [] Discovery was forwarded to her requesting information as to any correspondence or communication with Ms. Urbas. . . . I have not received a response. She has never replied to my request for

3

> documentation or proof of any contact with me personally or my office.
>
> [] I ask this case, which names multiple doctors, multiple law firms in a scattershot manner be dismissed as to me. Other than filing a complaint with a phone book name of Defendants, there is NO evidence presented that I am responsible in any way to Plaintiff. I also note that no other Defendant has filed an Answer.
>
> [] Plaintiff has not provided any discovery. She has not responded to a Demand for Admissions . . ., which stated that I was never retained as her attorney . . . .

(DE 37-2 ¶¶ 3–8).

Ms. Urbas did not file any response in opposition to the motion. On October 17, 2019, I issued an order to show cause that unless Urbas filed opposition papers by November 17, 2019, Szymczak's motion would be treated as unopposed. (DE 38). A signed certified mail receipt for the order to show cause is in the record. (DE 39) Ms. Urbas has not responded to the order to show cause.

## II. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in light most favorable to the nonmoving party. *See Boyle v. Cty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to

4

the district court—that there is an of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth the types of evidence on which a nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Nw. Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

Here, Ms. Urbas, the nonmoving party, is appearing *pro se*, and has failed to submit any affidavits or evidence. "Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520–521, (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n.6 (3d Cir. 1997)). I have construed Urbas's pleadings and filings in that liberal spirit, but pleadings alone are ordinarily insufficient to create an issue of fact.

If, as here, a party fails to address the other party's properly supported motion for summary judgment, the court may consider "grant[ing] summary

5

judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e). A failure to dispute a party's statement of material facts, however, "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even where a local rule deeming unopposed motions to be conceded, the court was still required to analyze the movant's summary judgment motion under the standard prescribed by Fed. R. Civ. P. 56(e)); *see also Muskett v. Certegy Check Servs., Inc.*, No. 08-3975, 2010 U.S. Dist. LEXIS 67320, 2010 WL 2710555 (D.N.J. July 6, 2010) ("In order to grant Defendant's unopposed motion for summary judgment, where, as here, 'the moving party does not have the burden of proof on the relevant issues, . . . the [Court] must determine that the deficiencies in [Plaintiff's] evidence designated in or in connection with the motion entitle the [Defendants] to judgment as a matter of law.'" (*quoting Anchorage Assocs.*, 922 F.2d at 175)).

### B. Analysis

Ms. Urbas has made no attempt to demonstrate the existence of a genuine issue of material fact. Her complaint contains nothing more than unsupported allegations and pleadings that fail to identify which defendant she accuses of wrongdoing. In fact—apart from Szymczak—she has failed to identify *any* defendant at all. Szymczak, in turn, now affirms that he has neither contacted her nor ever had any file that belonged to her. Ms. Urbas has not, in response, presented any actual evidence, or even a sworn statement, in support of her only allegation against Szymczak, namely "harassment return the file from another Lawyer."

Even as an allegation in a complaint, this is not specific enough factually to make out a claim. As a *pro se* plaintiff, Ms. Urbas is entitled to have her complaint construed liberally, and I have permitted her to attempt to develop her allegations in discovery, but nothing has occurred.

Even as to a *pro se* plaintiff, Rule 56 requires more than reliance on allegations (and vague ones at that) in opposition to a properly supported motion for summary judgment. A party must proffer "sufficient evidence to allow a jury to find in its favor at trial." *Gleason*, 243 F.3d at 138. There is no evidence here that would allow a jury to find in Ms. Urbas's favor. Accordingly, Urbas has not presented any actual evidence that creates a genuine issue of material fact for trial, and Mr. Szymczak's motion must be granted.

## III. CONCLUSION

For the reasons set forth above, Mr. Szymczak's motion for summary judgment (DE 37) is **GRANTED**.

A separate order will issue.

Dated: January 16, 2020

Hon. Kevin McNulty
United States District Judge